**AN UNNAMED ATTORNEY, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent**

No. 2011–SC–000333–KB.

Supreme Court of Kentucky.

Aug. 25, 2011.

## OPINION AND ORDER

Movant, An Unnamed Attorney,[1] is before this Court pursuant to SCR 3.480(2) with a negotiated sanction of a Private Reprimand With Conditions. Upon review of the record, this Court accepts the negotiated sanction.

■ Movant was charged by the Inquiry Commission with a violation of former SCR 3.130–1.15(b)[2] which required a lawyer to notify the client or third parties with an interest of the receipt of settlement funds and to promptly render an accounting to the client or third party with an interest.

The facts which give rise to the charge stem from the Movant's representation of a client in a personal injury matter resulting from an automobile accident. The Movant received a document entitled "Assignment of Proceeds, Lien, and Authorization" from a chiropractor who treated the client. Upon subsequent settlement of the case for $4,000.00, Movant deducted his fee and distributed the remaining $2,600.00 to his client without notifying the chiropractor of the settlement or distribution.

■ Movant admits he violated the above rule by not notifying the chiropractor of the settlement, and in not escrowing the balance of the settlement (after deducting his fee) for distribution to the client *and* the chiropractor, according to their interests. In negotiating a penalty, the Respondent was agreeable to a private reprimand if the Movant agreed to a publication by the Court and the KBA of the Order of Private Reprimand, redacting the Movant's name and any fact-specific identifying information in a published opinion. The KBA's purpose in publication of a redacted private reprimand is to educate members of the public and the bar concerning this type of conduct and the ramifications therefrom. The Respondent also

1. The name of the Movant has been changed to protect the anonymity of the attorney being reprimanded privately. Though the reprimand is private, the parties and the Court believe other members of the bar will benefit from a published redacted opinion disapproving the attorney's actions.

2. SCR 3.130–1.15(b) was amended in 2009, effective July 15, 2009. The amendment is a minor wording change that would not affect the results in this case.

requested the Movant attend the Ethics and Professionalism Enhancement Program offered by the Office of Bar Counsel, and not receive any CLE credits for this program. Movant is agreeable to the conditions. This Court does not publish private reprimands but does enter confidential orders. The KBA places a copy in the KBA member's file with all pertinent information, which remains in the file for future reference, such as in subsequent disciplinary actions. However, the Court is agreeable to publishing a redacted copy of the private reprimand, and the Court is of the opinion that a private reprimand with conditions is sufficient in this case. Therefore:

IT IS HEREBY ORDERED that the Movant, An Unnamed Attorney, is adjudicated guilty of one count of violating former SCR 3.130–1.15(b), and that he be issued a Private Reprimand with these conditions:

1. Movant shall attend the next Ethics and Professionalism Enhancement Program offered by the Office of Bar Counsel, separate and apart from his fulfillment of any other continuing legal education requirements;

2. Movant will not apply for any CLE credit for attending said program, and shall furnish a release and waiver to the Office of Bar Counsel to review his records with the Continuing Legal Education Commission, such release to continue in effect until one year after he completes said program, in order to allow the OBC to verify that Movant has not reported said program for any type of CLE credit;

3. Movant agrees to publication by this Court and the Kentucky Bar Association of this Private Reprimand With Conditions, redacting the Mov-

ant's name and any fact-identifying information of Movant; and

4. Movant shall pay the costs of these proceedings, as certified by the Disciplinary Clerk, for which execution may issue upon finality of this Order.

All sitting. All concur.

ENTERED: August 25, 2011.

/s/ <u>John D. Minton, Jr.</u>
/s/ Chief Justice